UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Patrick Middleton,

                    Plaintiff

v.

Neiman Marcus Group, et al.,

                    Defendants

Case No. 2:26-cv-00700-CDS-BNW

**Order Accepting the Magistrate Judge's
Report and Recommendation**

[ECF No. 7]

On March 12, 2026, pro se plaintiff Patrick Middleton filed initiating documents but did not file an application to proceed *in forma pauperis* or pay the filing fee. Initiating docs., ECF No. 2. On March 13, 2026, U.S. Magistrate Judge Brenda Weksler entered an order directing Middleton to either file the application to proceed *in forma pauperis* or pay the filing fee by April 13, 2026, and warned Middleton that if he did not, the case would be dismissed for failure to comply with the order. Order, ECF No. 5.[1] Middleton failed to either file the application to proceed *in forma pauperis* or pay the filing fee by the April 13th deadline. As a result, on May 11, 2026, Judge Weksler issued her report and recommendation (R&R) that this case be dismissed. R&R, ECF No. 7. Under Local Rule IB 3-2(a) and 28 U.S.C. § 636(b)(1)(C), Middleton had fourteen days—until May 25, 2026—to file any specific, written objections to Judge Weksler's R&R. That deadline also passed, and no objection was filed nor did Middleton request more time to do so.

Although de novo review is not required unless objections are filed, I nonetheless conducted one. As Judge Weksler explained, the Ninth Circuit has instructed courts to consider five factors in determining whether to dismiss an action for failing to comply with the court's order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

---

[1] On April 26, 2026, Middleton filed a notice of no consent to arbitration and requested 30 days to seek new counsel. Notice, ECF No. 6. This notice was filed on April 11, 2026, over two months ago, and he has yet to file any subsequent documents. As such, Middleton demonstrates a failure to prosecute his case. Because the court is accepting the R&R without prejudice, Middleton's request for new counsel is now moot. Middleton is advised that litigants in civil rights actions do not have a Sixth Amendment right to appointed counsel. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternates. ECF No. 7 at 1–2 (citing *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987))). Dismissal of a case is proper when at least four of these factors support dismissal, or where at least three factors "strongly" support dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998). Judge Weksler reasoned that factors (1), (2), (3), and (5) weigh in favor of dismissal, whereas (4) does not. ECF No. 7. I agree with Judge Weksler's recommendation that dismissal is appropriate here.

Likewise, Judge Weksler correctly explained that federal law requires a party that is initiating a civil lawsuit to pay a filing fee and an administrative fee. 28 U.S.C. § 1914(a)(b). However, if a plaintiff is unable to pay such fees, 28 U.S.C. § 1915 allows a district court to authorize the commencement of a civil action through an *in forma pauperis* application. 28 U.S.C. § 1915(a)(1). The record demonstrates that, despite an opportunity to do so, Middleton did not submit an *in forma pauperis* application or pay the civil filing fee.

This court cannot operate without collecting the required fees, and litigation cannot proceed without a plaintiff's compliance with court orders. Middleton's noncompliance and failure to prosecute leaves the court with two options: dismiss the action or allow it to remain pending indefinitely. No sanction short of dismissal would be effective or suitable in this instance. Accordingly, the R&R is adopted in full because dismissal is warranted.

### Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 7] is accepted and adopted in its entirety.** This action is dismissed without prejudice. The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: June 26, 2026

_____
Cristina D. Silva
United States District Judge

2